UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EVAN E. COOPER                    *        CIVIL ACTION

VERSUS                            *        NO: 08-709

LAURA CAMILLE ALFORD, ET AL       *        SECTION: "D"(2)

## ORDER AND REASONS

Before the court is the court's own **Motion to Dismiss Claims Against Defendant, Laura Camille Alford** (Doc. No. 36)**.** Plaintiff, Evan E. Cooper, filed a memorandum in opposition. (Doc. No. 38). The motion, set for hearing on Wednesday, April 21, 2010, is before the court without oral argument.  Now, having considered the Plaintiff's memorandum, the record, and the applicable law, the court finds that the motion should be granted for the same reasons the court granted the **"Rule 12(b)(6) Motion to Dismiss"** (Doc. No. 29) filed by Defendant, Van H. Kyzar. (*See* Order and Reasons, Doc. No. 37).  Namely, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction in "cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those arguments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2002). Here, Plaintiff impermissibly asks this court to overturn two state court judgments issued before he filed this federal suit.

Further, the plain language of Servicemembers Civil Relief Act at 50 App. U.S.C. § §521(g) confirms that Plaintiff should have sought relief in the court(s) in which the subject judgments were entered. That section provides:

> **(g) Vacation or setting aside of default judgments**
>
> **(1) Authority for court to vacate or set aside judgment**
>
> If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), **the court entering the judgment** shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that –
>
> (A) the servicemember was materially affected by reason of that military service in making a defense to th action; and
>
> (B) the servicemember has a meritorious or legal defense to the action or some part of it.

SCRA, §521(g)(emphasis added).

2

While this court expresses no opinion regarding whether Plaintiff may be able to seek relief under the SCRA through the proper state-court appellate system, the court finds that under *Rooker-Feldman*, it lacks jurisdiction to revisit the underlying state court judgments via Plaintiff's SCRA claim or any other recast constitutional, federal or state law claim asserted herein, all of which are inextricably intertwined with those state court judgments.

Thus, the court **VACATES** the preliminary default entered against Defendant, Laura Camille Alford, and **GRANTS** its own **Motion to Dismiss Claims Against Defendant, Laura Camille Alford, DISMISSING** all of Plaintiff's claims asserted against Defendant Alford, for lack of subject matter jurisdiction under *Rooker-Feldman*.

New Orleans, Louisiana, this **21st** day of **April**, **2010**.


_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE


3